**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ANTONIO BETANCOURT and** | § | |
| **ESPARANZA FLORES** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **Civil Action No. 1:16-cv-243** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **and JEFFERY CELESTINE** | § | |
| *Defendants.* | § | |

**DEFENDANT STATE FARM LLOYDS AND JEFFERY CELESTINE'S
NOTICE OF REMOVAL**

Defendant State Farm Lloyds (hereinafter "State Farm") and Jeffery Celestine file this Notice of Removal to remove from the 107th Judicial District Court of Cameron County, Texas to this Court a suit styled *Antonio Betancourt and Esparanza Flores v. State Farm Lloyds and Jeffery Celestine* and docketed under Cause No. 2016-DCL-05278.

**STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL**

1.      This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2.      Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

**TIMELINESS OF NOTICE OF REMOVAL**

3.      This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after State Farm Lloyds was served with Plaintiffs' Original Petition (Defendant Celestine was never served). Plaintiffs' original state court petition was filed on August 11, 2016. Defendant State Farm was served on August 22, 2016.

4.      True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit B.

## NATURE OF PLAINTIFFSS CASE

5.      This suit involves a claim for property damage arising from a hail/windstorm that allegedly occurred on or about December 20, 2014 at Plaintiffs' residence. State Farm is the insurer for Plaintiffs. Plaintiffs now sue State Farm alleging breach of contract, violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the duty of good faith and fair dealing. Plaintiffs now sue Jeffery Celestine for violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud.[1]

6.      Defendant Jeffery Celestine is a State Farm adjuster. Defendant Celestine did not inspect Plaintiffs' residence or otherwise investigate the claim. Defendant Celestine has never been to Plaintiffs' residence. His involvement in Plaintiffs' claim was limited to sending a letter on behalf of State Farm responding to Plaintiffs' counsel's demand letter, and a second letter providing the results of State Farm's second inspection of Plaintiffs' residence conducted by Ron Castillo, the State Farm claim representative who actually inspected the property and prepared the estimate of damages.

## DIVERSITY JURISDICTION PERMITS REMOVAL

7.      Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction.

---

[1] *See* Plaintiffs' Original Petition attached as Exhibit A-2.

## A.      Complete Diversity Exists Via Improper Joinder

8.       Plaintiffs are a citizens of Cameron County, Texas, as alleged in their Original Petition.[2]

9.       Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[3] Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

10.      Defendant Celestine is a citizen of Texas. However, such citizenship does not destroy complete diversity as he was improperly joined in the instant lawsuit.

### i.  Improper Joinder of Defendant Celestine

11.      To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[4]

12.      The test for improper joinder "is whether the defendant has demonstrated there is no possibility of recovery against an in-state defendant, which stated differently means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."[5] The Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party

---

[2] *See id.*
[3] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.,* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).
[4] *See Travis v. Irby,* 326 F.3d 644, 647 (5th Circ. 2003)(citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Circ. 1999).
[5] *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Circ. 2004).

claiming improper joinder is a heavy one."[6] "The court must resolve all ambiguities of state law in favor of the non-removing party."[7]

13.     In considering whether a party was improperly joined, "the court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[8] And, in some cases, the court may pierce the pleadings and consider summary judgment type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]"[9]

14.     With respect to the applicability of a Rule 12(b)(6) analysis in an improper joinder case, the courts will evaluate the plaintiff's petition under the state-court pleading standards.[10] This means that the plaintiff's pleading must state a cause of action and give fair notice of the relief sought against a defendant because the court "determines removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[11] Additionally, the Texas Supreme Court has stated, "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information outlined the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[12]

15.     In this case, Plaintiffs assert claims of violations of the insurance code, fraud and conspiracy to commit fraud against Defendant Jeffery Celestine for the purpose of defeating

---

[6] *Campbell v. Stone Ins., Inc.* 509 F.3d 665, 669 (5th Cir. 2007).
[7] *Id.*
[8] *Smallwood* at 573.
[9] *See Travis v. Irby* at 649.
[10] *Edwea, Inc. v. Allstate Ins. Co.* No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[11] *Id., see also* Tex. R. Civ. P. 45(b) and *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[12] *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex. 1979).

diversity jurisdiction. Plaintiffs' Original Petition incorrectly states that Defendant Celestine was the assigned adjuster on Plaintiffs' claim and inspected the property.[13] The Petition further alleges that Defendant Celestine performed an inadequate investigation and wrongfully denied the Plaintiff's claim.[14]

16.     Defendant Celestine did not inspect the Plaintiffs' residence, prepare any estimate of damages, or otherwise investigate the claim. Defendant Celestine has never been to Plaintiffs' residence. His involvement in Plaintiffs' claim was limited to the following: sending a letter on behalf of State Farm responding to Plaintiffs' counsel's demand letter, and a second letter providing the results of State Farm's second inspection of Plaintiffs' residence conducted by Ron Castillo, the State Farm claim representative who actually inspected the property and prepared the estimate of damages.

17.     Based on the above, it is clear that Defendant Celestine did not adjust Plaintiffs' claim, made no inspection of Plaintiffs' property, and did not prepare any estimate with respect to Plaintiffs' property. Defendant Celestine is not a proper Defendant in this lawsuit because Plaintiffs are unable to establish a cause of action against him.

18.     Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.  Regardless, Defendant Celestine consents to the removal of this case.

**B.     Amount in Controversy Met**

19.     The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). Defendants note that Plaintiffs

---

[13] *See* Exhibit A-2, Plaintiff's Original Petition at ¶ 23-31.
[14] *Id.*

plead they "seek monetary relief of no more than $75,000.00."[15] Plaintiffs also plead that this case is governed by Discovery Level 3.[16] However, Plaintiffs did not include the required statement of relief required by Texas Rule of Civil Procedure 47(c) in their petition.  Contrary to Plaintiffs' attempts to avoid federal court jurisdiction through their attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[17]

20.     Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[18] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[19]

21.     Texas state court practice does not permit a demand for a specific sum.[20] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[21]

22.     Prior to filing the lawsuit, Plaintiffs provided an estimate of damages to counsel in which Plaintiffs claim to have suffered $44,613.46 in damages to their property.[22]

---

[15] *See Id*, at ¶ 55.
[16] *See Id.* at ¶ 1.
[17] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[18] 28 U.S.C. § 1332(a).
[19] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).
[20] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.
[21] *See Id; Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").
[22] *See* Exhibit C – Plaintiffs' counsel's letter of representation and Estimate of Damages prepared by CRV Construction.

23.     In addition to actual damages and attorney's fees, Plaintiffs' original petition requests treble damages under the Texas Insurance Code, 18% interest under the Texas Insurance Code, and exemplary damages.[23] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[24] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[25] Therefore, the $75,000 amount in controversy federal jurisdictional requirement could easily be met if Plaintiffs are successful in their claim for punitive and treble damages.

## NOTICE SHALL BE PROVIDED

24.     Pursuant to 28 U.S.C. §1446(d), Defendants will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of Removal with the District Clerk of Cameron County, Texas, where the State Court Action was previously pending.

## CONCLUSION

WHEREFORE, Defendants hereby request removal of this case, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

**COWEN & GARZA, LLP**
506 E. Dove Avenue
McAllen, Texas 78504

---

[23] *See* Exhibit A-2 at ¶¶ 50-54.
[24] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[25] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

T. (956) 994-9170
F. (956) 618-2324
sarah@cowengarza.com

By:    */s/ Sarah Pierce Cowen*
Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS
STATE FARM LLOYDS AND
JEFFERY CELESTINE**

**Of Counsel:**
Viola G. Garza
Federal ID No. 19310
State Bar No. 00787518
viola@cowengarza.com
Peyton S. Kampas
Federal ID No. 2571336
State Bar No. 24081533
peyton@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding, Defendants' Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on this __20th__ day of September, 2016.

***VIA FACSIMILE: (800) 507-4152***
Larry W. Lawrence, Jr.
Lawrence Law Firm
3112 Windsor Rd. Suite A234
Austin, Texas 78703
T: 956-994-0057

***VIA FACSIMILE: (713) 840-0046***
Lory Sopchak
Cartwright Law Firm, LLP
1300 Post Oak Blvd. Suite 760
Houston, Texas 77056
T: (713) 840-0650

*/s/ Sarah Pierce Cowen*
Sarah Pierce Cowen

9